UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 16, 2017

LETTER TO COUNSEL

RE: *Gloria E. Martinez v. Commissioner, Social Security Administration*;
Civil No. SAG-16-3701

Dear Counsel:

On November 14, 2016, Plaintiff Gloria E. Martinez petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 15, 16]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Martinez filed a claim for Disability Insurance Benefits ("DIB") on August 2, 2012, alleging a disability onset date of July 1, 2011. (Tr. 170-73). Her claim was denied initially and on reconsideration. (Tr. 67-74, 76-86). A hearing was held on February 18, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 33-66). Following the hearing, the ALJ determined that Ms. Martinez was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 11-32). The Appeals Council ("AC") denied Ms. Martinez's request for further review, (Tr. 1-8), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Martinez suffered from the severe impairments of "multi-level lumbosacral disc disease with desiccation and small disc protrusion; mild multilevel cervical disc disease." (Tr. 16). Despite these impairments, the ALJ determined that Ms. Martinez would retain the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she can occasionally bilaterally both push and occasionally pull and operate foot controls, occasionally stoop, kneel, and crouch, never limb [sic] ladders, ropes, or scaffolds and never crawl. The claimant can frequently bilaterally reach and can reach overhead bilaterally occasionally. She can frequently bilaterally finger and feel. The claimant should avoid exposure to workplace hazards being unprotected machinery and unprotected heights, but can operate a motor vehicle.

(Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Martinez could perform several jobs existing in the national economy, and, therefore, was not disabled. (Tr. 24-26).

Ms. Martinez raises three arguments on appeal: (1) that the ALJ erroneously performed her RFC assessment; (2) that the ALJ failed to properly evaluate the opinion of consultative examiner, Dr. Ajit Kurup; and (3) that the ALJ failed to properly evaluate the opinion of consultative examiner, Dr. Memunatu Bangura. I agree that the ALJ failed to properly evaluate the opinion of Dr. Kurup, and I therefore remand the case. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Martinez is not entitled to benefits is correct.

Beginning with the successful argument, Ms. Martinez argues that the ALJ failed to properly evaluate the medical opinion of the consultative examiner, Dr. Kurup. Pl. Mot. 6. Specifically, Ms. Martinez contends that the ALJ failed to "evaluate [Dr. Kurup's opinion] in any manner, and failed to explain her implicit rejection of Dr. Kurup's opinions that the Plaintiff was only able to stand and walk for 45 to 60 minutes, and was unable to stoop." *Id.* Although implicit assignments of weight can support meaningful review, *Thomas v. Comm'r, Soc. Sec.*, No. Civ. WDQ-10-3070, 2012 WL 670522, at *7 (D. Md. Feb. 27, 2012) (citation omitted), the ALJ must adequately indicate the weight assigned to medical records through her evaluation of the relevant evidence. *See Gordon v. Schweiker*, 725 F.2d 231, 235-36 (4th Cir. 1984) ("We cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence."); *see also King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980) ("Even if legitimate reasons exist for rejecting or discounting certain evidence, the Secretary cannot do so for no reason or for the wrong reason."). Thus, an ALJ's failure to identify "the reasons for discounting the [medical] opinions" and to explain "precisely how those reasons affected the weight given denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Valley v. Astrue*, No. 3:11-CV-260-HEH, 2012 WL 3257861, at *17 (E.D. Va. June 22, 2012), report and recommendation adopted, No. 3:11CV260-HEH, 2012 WL 3257876 (E.D. Va. Aug. 8, 2012) (internal citation and quotation marks omitted).

Here, the ALJ failed to adequately indicate the weight assigned to Dr. Kurup's medical opinion. The ALJ noted that Dr. Kurup "estimated [that the claimant had] the capacity for lifting 20-30 pounds of weight, sitting for prolonged periods of time, and standing and walking for 45-60 minutes without use of an assistive device." (Tr. 23); *see also* (Tr. 373). Moreover, the ALJ noted that "[t]he claimant was unable to run or stoop or crawl but had no difficulty with use of bilateral upper extremities for activates [sic] that required gripping and grasping." (Tr. 23); *see also* (Tr. 372-74). The ALJ additionally noted that Dr. Rudin, a Disability Determination Services ("DDS") physician, "found Dr. Kurup's normal consultative examination findings more persuasive" in making his Disability Determination Explanation. (Tr. 23); *see also* (Tr. 83-86). The ALJ provided no other evidence to support an implicit assignment of weight to Dr. Kurup's conclusion. Most notably, the ALJ failed to explain why she rejected Dr. Kurup's evaluation that Ms. Martinez could only "walk[] for 45-60 minutes without use of an assistive device,"

which stood in stark contrast with Dr. Rudin's assessment that Ms. Martinez could "walk with normal breaks for a total of about six hours in an eight hour day with no limitations." (Tr. 23); *see also* (Tr. 83, 373). The ALJ also failed to cite to any evidence in the record that was inconsistent with or otherwise undermined Dr. Kurup's conclusion. *Cf. Shaffer v. Comm'r, Soc. Sec.*, Civil No. SAG-10-1962, 2012 WL 707098, at *2 (D. Md. March 2, 2012) (holding that the ALJ's failure to assign weight to a physician's medical opinion did not require remand when the ALJ's ultimate conclusion was consistent with the physician's diagnoses); *Longshore v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-223, 2017 WL 384283, at *3 (D. Md. Jan. 25, 2017) (holding that the ALJ's failure to assign weight to two physicians' medical opinions did not require remand when the physicians' opinions did not contradict the ALJ's ultimate conclusion). In light of the evidence of record, the ALJ failed to provide a sufficient explanation for disregarding Dr. Kurup's examination. Remand is therefore appropriate.

Turning to the less persuasive arguments, Ms. Martinez argues that the ALJ also failed to properly evaluate the medical opinion of the consultative examiner, Dr. Bangura. Specifically, she contends that the ALJ "failed to evaluate Dr. Bangura's finding that [Ms. Martinez's] diagnosis was Major Depressive Disorder, recurrent, moderate." Pl. Mot. 7. As previously recognized, there is no requirement that each practitioner's opinion be explicitly addressed, where implicit assignments of weight can provide an opportunity for meaningful review. *See Shaffer*, 2012 WL 707098, at *2. Here, it is clear that the ALJ considered and evaluated Dr. Bangura's opinion in great detail. Notably, the ALJ noted that "Dr. Bangura's examination findings in the claimant's functional reports indicate that the claimant is not as significantly limited as the GAF of 60 would suggest and are granted *more significant weight* than the GAF scores." (Tr. 17 n.1) (emphasis added). The ALJ also opined that Dr. Bangura's consultative examination report revealed that Ms. Martinez's diagnosis of major depressive disorder caused no limitations in daily activities, no limitations in social functioning, and no more than mild limitations in concentration, persistence, or pace. (Tr. 17-18). Accordingly, I find that the ALJ properly evaluated Dr. Bangura's opinion, and remand is not warranted on this basis.

Next, Ms. Martinez contends that the ALJ erroneously performed her RFC assessment by "fail[ing] to set forth a narrative discussion describing how the evidence supported each conclusion." Pl. Mot. 5-6. Specifically, she contends that the ALJ "provided no explanation to support her findings that the Plaintiff could occasionally bilaterally push and pull, and operate foot controls, could frequently bilaterally reach, finger, and feel, could occasionally reach overhead bilaterally, and needed to avoid exposure to workplace hazards." *Id.* at 6. Social Security regulations require an ALJ to include "a narrative discussion of [the] claimant's symptoms and medical source opinions." *Bell v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-1351, 2017 WL 2416906, at *3 (D. Md. June 2, 2017) (citation omitted). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to [her] conclusion." *Dolinger v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-219, 2017 WL 1078450, at *3 (D. Md. March 22, 2017) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), as amended (Dec. 13, 2000)). Here, the ALJ provided "an accurate and logical bridge" between Ms. Martinez's limitations and the RFC determination. Most significantly, in formulating the RFC assessment, the ALJ noted that Ms. Martinez "had been cleaning houses when she presented with shoulder

complaints in June 2013, and she admits that she retains the capacity to operate a motor vehicle." (Tr. 24). Moreover, the ALJ incorporated additional limitations based on Dr. Hassan's consultative examination report and objective clinical evidence, which revealed "more significant limitations in reaching and crawling" due to a rotator cuff tear. *Id.* Accordingly, I find that the ALJ properly set forth a narrative discussion supporting her RFC assessment, and remand is not warranted on this basis.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 15), is DENIED, and Defendant's Motion for Summary Judgment, (ECF No. 16), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge